1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

OLYMPIC FOREST COALITION, a
Washington nonprofit corporation,

Case No. C07-5344-RBL

9

Plaintiff,

10

ORDER

v.

11

UNITED STATES FOREST SERVICE, et
al.,

12

13

Defendant.

14

15          This matter comes before the Court on proposed Defendant-Intervenors Motion to Intervene [Dkt #

16   12].  Proposed Defendant-Intervenors argue that they should be allowed to permissively intervene.  The Court

17   has considered the record and for the reasons stated below the Court **DENIES** in part and **GRANTS** in part

18   the motion to intervene.  Proposed Defendant-Intervenors may intervene, but intervention will be limited to

19   the remedial phase of the suit.

20   I.      **BACKGROUND.**

21          In July of 2007, the Olympic Forest Coalition (OFC) filed suit against the Unites States Forest Service,

22   and Linda Goodman in her official capacity as Regional Forester, for the Pacific Northwest Region.  In their

23   complaint the OFC asserts that the Forest Service's decision to proceed with the Bear Creek Saddle timber

24   sale is in violation of the National Environmental Protection Act (NEPA) 42 U.S.C. §§ 4321 et seq, the

25   National Forest Management Act (NFMA) 16 U.S.C. §§ 1600-1614, the Council of Environmental Quality's

26   regulations implementing NEPA, 40 C.F.R. §§  1500-1508, and the Administrative Procedures Act (APA),

27   5 U.S.C. §§ 551 et seq.

28          On October 5, 2007 the American Forest Resource Council (AFRC), Port Angeles Hardwood, the

Washington Contract Loggers Association (WCLA), and Larsen's Timber Resource Management moved to

permissively intervene under Fed. R. Civ. P. 24(b)(2).  Plaintiff opposes the motion to intervene.  Defendants, have made no objection to the motion to intervene.

AFRC represents about 90 private landowners and federal timber purchasers throughout the western United States. [Partian Decl.  p. 2,  Dkt. # 19].  Port Angeles Hardwood operates a mill located about thirty miles from the Bear Creek site.  The Bear Creek timber sale would likely be a source of alder for the mill. WCLA represents the interests of loggers in Washington. WCLA has approximately one thousand members covering about 90% of Washington loggers.  Larsen's Timber Resource Management is a logging company working within the Olympic National Forest and focuses on thinning forests to increase the health of the forest and to create jobs.

## II.    ANALYSIS.

Rule 24(b)(2) allows a court to grant intervention permissively on the following conditions: (1) there is a common question of fact or law between the main action and proposed intervenors claim or defense; (2) the motion to intervene is timely; and (3) there is an independent ground for jurisdiction. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir 1998).

### Timeliness.

A court will consider three factors when considering the timeliness of a motion to intervene.  These factors are: (1) the stage of proceedings; (2) any prejudice to the other parties; and (3) the reason for and the length of the delay. *Orange County v. Air California*, 799 F2.d 534, 537 (9th Cir. 1986).

Plaintiff filed the initial complaint in July of 2007, Defendants answered the complaint in September of 2007, and Proposed Defendant-Intervenors filed their motion to intervene in October of 2007.  Given the short amount of time between plaintiffs' original complaint and because nothing substantial has yet occurred, the original parties will not be unfairly prejudiced by the addition of Defendant-Intervenors.  The Court finds that the motion to intervene is timely.

### Common Question of Law or Fact.

Permissive intervention requires the applicants to present a common question of law or fact with the underlying suit.  In *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002), a case involving a NEPA challenge to the Forrest Service's Roadless Area Conservation Rule, defendant intervention was granted.  Proposed defendant-intervenors in *Kootenai* were allowed to intervene under Rule 24(b) because

they asserted "defenses of the Roadless Rule directly responsive to the claim for injunction." *Id.* at 1110.  The Ninth Circuit also determined that the parties had a common question of fact because they asserted an interest in the use of the land benefitted by the challenged rule.  *Id.* at 1110-11.

In the present case proposed Defendant-Intervenors would likely present defenses that share common questions of law and fact with the issues of the underlying case.  Likewise, proposed Defendant-Intervenors claim an interest in the timber sale because the project would increase the productivity of the forest and would create an economic benefit for its members.  The Court finds that proposed Defendant-Intervenors do share a common question of fact and law with the underlying suit.

**Independent Jurisdiction.**

Proposed Defendant-Intervenors must demonstrate an independent basis for federal subject matter jurisdiction before intervening permissively.  In the present case the proposed Defendant-Intervenors seek to intervene as defendants on plaintiff's NEPA and NFMA claims.  Only the federal government can be held liable under NEPA and NFMA.  *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 n. 11 (9th Cir. 1995).  The Ninth Circuit has further explained, "because NEPA requires action only by the government, only the government can be held liable under NEPA.  A private party cannot 'comply' with NEPA, and therefore, a private party cannot be a defendant in a NEPA compliance action."  *Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir. 1998).  The same reasoning used in *Churchill* to exclude a private party defendant from intervening in a NEPA action also excludes a private party defendant from intervening in a NFMA action. *See Forest Conservation Council,* 66 F.3d, at 1499 n. 11.

Proposed Defendant-Intervenors rely on *Kootenai* to support their claim for permissive intervention.  In *Kootenai*, the Ninth Circuit granted a non-government defendant-intervenor permissive intervention for the liability phase and the remedial phase under a NEPA claim.  In *Kootenai* the Ninth Circuit found that the non-government defendant-intervenors had suffered an injury of its legally protected interests because members of the group benefitted from the regulation that was struck down.  *Kootenai,* 313 F.3d, at 1109.  Critical distinctions exist between *Kootenai* and the case at bar.  In *Kootenai* the government defendants made it clear that they did not intend to fully defend the challenged regulations.  Recognizing this the Ninth Circuit determined, "the presence of [defendant] intervenors would assist the court in it's orderly procedures leading to the resolution of [the] case... ." *Id.* at 1109.  In the case at bar the government defendants have made every

indication that they intend to fully defend the legality of the Bear Creek Saddle timber sale, and  proposed Defendant-Intervenors have not provided evidence that their intervention would assist the Court in resolving the case at bar.

The Court finds that proposed Defendant-Intervenors do not have an independent basis for jurisdiction to intervene in the liability phase of the suit because only the federal government can be required to comply with NEPA and NFMA. Therefore, the Court finds that proposed Defendant-Intervenors cannot permissively intervene in the liability phase of the proceedings.  However,  proposed Defendant-Intervenors may intervene in the remedial phase of the suit.  *See Forest Conservation Council v. U.S. Forest Service,* 66 F.3d 1489 (9th Cir. 1995).

**Conclusion.**

The Defendant-Intervenors Motion to Intervene (Dkt # 12) is **DENIED** in part and **GRANTED** in part. The Court **DENIES** proposed Defendant-Intervenors  permissive intervention in the liability phase of the suit. The Court **GRANTS** proposed Defendant-Intervenors permissive intervention in the remedial phase of the suit.

**IT IS SO ORDERED.**

Dated this 9th day of November 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4